519 P.2d 243

**EQUITABLE REALTY, INC., Plaintiff and Appellant,**

v.

**Gerald NIELSON and Ruth S. Nielson, his wife, Defendants and Respondents.**

**No. 13067.**

Supreme Court of Utah.

Feb. 22, 1974.

**434**

Jackson B. Howard, Howard & Lewis, Provo, for plaintiff and appellant.

Milton T. Harmon, Nephi, for defendants and respondents.

HENRIOD, Justice:

Appeal from a no cause of action judgment in a case where plaintiff, a realtor, sued for a commission for employment under an alleged listing agreement executed in October 1969, for having obtained a ready, able and willing buyer of ranch property. Affirmed with costs to the Nielsons.

Equitable, by advertisement, obtained interested prospective buyers named Droubay. This ripened into an option agreement dated March 30, 1970, exercisable by January 25, 1971. At the same time plaintiff and defendants modified the listing agreement so as to adjust the commission to a specified amount, payable as time went along under the terms of stated periodic payments under the option agreement, if the latter were exercised according to its terms,—which included a written notice of its exercise and tender of the initial payment,—neither of which was accomplished either before or after the January 25 due date.

It is contended that such conditions were waived by the plaintiff realtor, on behalf of defendants, during a telephone conversation with Droubay's attorney, one Clegg. There is nothing in the record to establish any authority granted by the Nielsons to plaintiff, either orally or in writing, to establish such authority, failing which the option was not exercised accord-

ing to its terms, which in turn prevents plaintiff from claiming a commission based on the conditions precedent mentioned. The plaintiff has received a $1,260 commission on a down payment binder to preserve the option to buy the property under terms thereafter to be agreed upon by the parties, to which mutually to date they have not acquiesced,—resulting in other present litigation,—having nothing to do with the commission agreement here.

■■ The basics of this case seem obvious: 1) A realtor cannot orally waive the rights of a seller on an option contract unless specifically authorized to do so,—not the case here, and 2) Once an option is granted it must be exercised strictly according to its terms, lacking such binding authority,—which clearly appears to be failing here. The question immediately posed here is that were it otherwise, what would happen if the down payment were made to the realtor lacking such authority, —which strange coincidence was not even accomplished here,—if the realtor, receiving the payment without such clear and convincing evidence of authority,—could bind a seller to an anticipatory contract after he, the realtor, had gone South with the consideration without consideration from or to his principal.

CALLISTER, C. J., and ELLETT, CROCKETT and TUCKETT, JJ., concur.